UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CRYSTAL and DONALD WAITE,   No. 05-12069

Debtor(s).
_____/

Memorandum on Objection to Claim of Exemption
_____

The debtors' amended Schedule C is, to state it charitably, somewhat deficient. They claim "home and real property" exempt pursuant to "704.920" and a car exempt pursuant to "704.710, 704.720, 704.730 In re McFall, 112 B.R. 336 (9th Cir. B.A.P. 1990)." The debtors have filed no points and authorities in opposition to the Trustee's objection to these exemptions.

Assuming that the debtors are referring to the California Code of Civil Procedure, none of the sections used to claim the car exempt applies to cars. That objection will accordingly be sustained.

An out-of-state home may be claimed exempt under California's automatic homestead exemption, if the debtor resides in the property when the bankruptcy is filed. *In re Arrol*, 207 B.R. 662 (Bkrtcy.N.D.Cal. 1997); *In re Anderson,* 824 F.2d 754 (9th Cir. 1987). However, the debtors admit that they were not living in the property when they filed their Chapter 7 petition and have claimed the home exempt under the *declared* homestead exemption. The court doubts that a California declaration of homestead was filed in Pennsylvania.

For the foregoing reasons, the Trustee's objections will be sustained, with leave to amend. The

1

court expects that if amended schedules are filed the exemption statutes will be properly identified and counsel for the debtors will be prepared to support them with a proper memorandum of points and authorities.

In the event counsel for the debtors provides counsel for the Trustee with a copy of a duly recorded (prepetition) declaration of homestead filed in Pennsylvania, this decision may be reconsidered.

Counsel for the Trustee shall submit an appropriate form of order.

Dated: December 9, 2005

Alan Jaroslovsky
U.S. Bankruptcy Judge